Matter of Etra (2025 NY Slip Op 02647)

Matter of Etra

2025 NY Slip Op 02647

Decided on May 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels Justice Presiding
Cynthia S. Kern Tanya R. Kennedy David Friedman Bahaati E. Pitt-Burke
Justices.

Motion No. 2025-01069|Case No. 2024-03127|

[*1]In the Matter of Aaron Etra an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Aaron Etra (OCA Atty Reg. 1184761), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Aaron Etra, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 28, 1966.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-01069 — March 3, 2025
In the Matter of Aaron Etra, an attorney
Per Curiam
Respondent Aaron Etra was admitted to the practice of law in the State of New York by the First Judicial Department on March 28, 1966. At all times relevant herein, he maintained a registered business address in the First Judicial Department.
By unpublished order dated October 25, 2024, this Court found respondent guilty of professional misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.00) rules 8.4(d) (conduct prejudicial to the administration of justice) and 8.4(h) (other conduct that adversely reflects on fitness as a lawyer) and appointed a referee to conduct a sanction hearing.
By motion dated February 21, 2025, the Attorney Grievance Committee (AGC) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b), immediately suspending respondent from the practice of law. The AGC maintains that respondent, who is 83 years old, suffers from medical infirmities that render him presently unable to defend himself at the sanction hearing or to otherwise practice law. In support of its motion, the AGC submitted an affirmation from respondent detailing his health issues and consenting to a suspension on medical grounds, and letters from two of respondent's physicians, corroborating respondent's medical conditions. Respondent has not opposed the motion.
As the AGC has presented sufficient medical evidence of respondent's incapacity to practice law, immediate suspension is warranted pursuant to 22 NYCRR 1240.14(b) and this Court's precedent (see Matter of Schneider, — AD3d &mdash, 2025 NY Slip Op 01047 [1st Dept 2025]; Matter of Olive, 216 AD3d 59 [1st Dept 2023]; Matter of Roussin, 208 AD3d 174 [1st Dept 2022]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.14(b), effective immediately, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.14(b), is granted, and respondent, Aaron Etra, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court; and
It is further [*2]Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Aaron Etra, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Aaron Etra, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Aaron Etra, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 1, 2025